UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT CAMERON, | CASE NO. 1:18CV02907 |
| Plaintiff, | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | |
| ANDREW M. SAUL[1], COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff Robert Cameron ("Plaintiff") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Defendant") denying his application for supplemental security income ("SSI"). ECF Dkt. #1. In his brief on the merits, filed on June 15, 2019, Plaintiff asserts that the administrative law judge ("ALJ") erred in his assessment of Plaintiff's residual functional capacity ("RFC"). ECF Dkt. #13. For the following reasons, the Court AFFIRMS the decision of the ALJ and DISMISSES the instant case in its entirety WITH PREJUDICE.

## I. PROCEDURAL HISTORY

On February 29, 2016, Plaintiff filed a Title XVI application for SSI. ECF Dkt. #10 ("Tr.")[2] at 17, 155. In his application, Plaintiff alleged disability beginning October 31, 2014 due to: bilateral leg fractures; blurry eyesight following stroke; and vision issues. *Id.* at 64-65, 76. Plaintiff's application was denied initially on June 29, 2016 and upon reconsideration on October 3, 2016. *Id.* at 72, 86.

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security, replacing acting Commissioner Nancy A. Berryhill. *See* Fed. R. Civ. P 25(d).

[2] All citations to the transcript refer to the page numbers assigned when the transcript was compiled (located on the bottom right corner of each page) rather than the page numbers assigned when the transcript was filed in the CM/ECF system ("PageID #").

1

On October 29, 2016, Plaintiff requested an administrative hearing. Tr. at 103. On January 23, 2018, a hearing was held before an ALJ in which Plaintiff, with counsel present, and a vocational expert ("VE") testified. *Id.* at 32. The ALJ issued his decision on May 31, 2018, finding Plaintiff not disabled and denying his application for SSI. *Id.* at 14-27. Plaintiff requested a review of the hearing decision, and on November 26, 2018, the Appeals Council denied review. *Id.* at 1-4, 154.

On December 18, 2018, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. The parties consented to the jurisdiction of the undersigned. ECF Dkt. #11. On June 15, 2019, Plaintiff filed a merits brief, and Defendant filed a merits brief on July 22, 2019. ECF Dkt. #s 13, 15.

## II. **RELEVANT PORTIONS OF THE ALJ'S DECISION**

On May 31, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 14-27. The ALJ stated that Plaintiff had not engaged in substantial gainful activity since February 29, 2016, the application date. *Id.* at 19. Continuing, the ALJ determined that Plaintiff had the following severe impairments: ataxia, status post cerebral vascular accident, neuropathy, and left quadrantopia. *Id.* The ALJ then indicated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 20.

After considering the record, the ALJ found that Plaintiff has the RFC to perform light work, as defined in 20 C.F.R. § 416.967(b), except for the following limitations: can stand and walk four (4) hours in an 8-hour workday; can never be required to climb ladders, ropes, or scaffolds; can occasionally use ramps or stairs; occasionally balance, kneel, stoop, crouch, and crawl; never be required to operate a motor vehicle during the course of a workday; restricted from hazards such as heights or machinery but would be able to avoid ordinary hazards in the workplaces such as boxes on the floor, doors ajar, or approaching people or vehicles; limited to simple work related decisions; limited to simple tasks; limited to routine and repetitive tasks; limited to hearing and understanding simple oral instructions; limited to communicating simple

information; frequent bilateral handling and fingering; and would not be required to work in a job where he would be required to read fine print. Tr. at 22.

The ALJ then stated that Plaintiff has no past relevant work. Tr. at 26. He further found that Plaintiff was a younger individual age 18-49 on the date the application was filed, has a limited education, and is able to communicate in English. *Id.* The ALJ noted that transferability of job skills was not an issue because Plaintiff did not have past relevant work. *Id.* Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that the Plaintiff can perform. *Id.* Ultimately, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, since February 29, 2016, the date the application was filed. *Id.* at 27.

## III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to Social Security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The plaintiff has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997); *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted)). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6thCir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole*, 661 F.3d at 937 (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009)) (internal citations omitted). Therefore, even if an ALJ's decision is supported by substantial evidence, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a plaintiff on the merits or deprives the plaintiff of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V. LAW AND ANALYSIS

Plaintiff challenges the ALJ's RFC determination, arguing that he failed to include further restrictions in his RFC, in particular, further limitations on the use of Plaintiff's right hand and in Plaintiff's ability to stand and walk. ECF Dkt. #13. First, Plaintiff contends that the ALJ's RFC determination should have included a more restrictive limitation of only occasional handling and fingering with the right dominant hand. ECF Dkt. #13 at 15-16. For support, Plaintiff points to medical records from Dr. Paula Finton, occupational therapist ("OT") Elizabeth Galvin, Nurse Virginia Edwards, and Plaintiff's testimony that indicate problems with the use of his right hand. *Id.* Second, Plaintiff argues that the ALJ's RFC determination should have included a more restrictive finding of limiting Plaintiff's ability to stand and walk to only two (2) hours out of an 8-hour work day. *Id.* at 16-18. For support, Plaintiff points to several medical records indicating symptoms associated with walking and standing problems. *Id.* at 16-17. In addition, Plaintiff noted that while the ALJ found that Nurse Virginia Edward's RFC limitations were vague, the analysis required a more in depth review. *Id.* at 17 (citing *Lorman v. Comm'r of Soc. Sec.*, 107 F. Supp. 3d 829, 835 (S.D. Ohio 2015). Although not expressly stated, Plaintiff suggests that the ALJ should have afforded the opinion of Nurse Edwards greater weight. *Id.* at 17-18. Based upon the VE's testimony, Plaintiff argues that such additional limitations combined with the ALJ's other RFC limitations would result in a finding of disabled. *Id.* at 16, 19; Tr. at 60-62.

A claimant's RFC is an assessment of the most that a claimant "can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). An ALJ must consider all of a claimant's impairments and symptoms and the extent to which they are consistent with the objective medical evidence. 20 C.F.R. § 416.945(a)(2)-(3). The claimant bears the responsibility of providing the evidence used to make a RFC finding. 20 C.F.R. § 416.945(a)(3). However, the RFC determination is one reserved for the ALJ. 20 C.F.R. § 416.946(c); *see Poe v. Comm'r of Soc. Sec.*, 342 Fed.Appx. 149, 157 (6th Cir. 2009); Social Security Regulation ("SSR") 96-5p[3], 1996 WL 374183, at *5. SSR 96-8p provides guidance on assessing RFC in social security cases. SSR 96-8p, 1996 WL

---

[3] Effective March 27, 2017, SSR 06-03p, 96-2p, and 96-5p have been rescinded by Fed. Reg. Notice Vol. 82, No. 57, page 15263. These regulations are still effective for claims filed before March 27, 2017.

374184. The Ruling states that the RFC assessment must identify the claimant's functional limitations and restrictions and assess his work-related abilities on a function-by-function basis. *Id*. Further, it states that the RFC assessment must be based on *all* of the relevant evidence in the record, including medical history, medical signs and lab findings, the effects of treatment, daily living activity reports, lay evidence, recorded observations, medical source statements, effects of symptoms, evidence from work attempts, a need for a structured living environment, and work evaluations. *Id*.

The ALJ found that Plaintiff has the RFC to perform light work, but with the relevant limitations of standing and walking up to four hours (as opposed to two hours) in an 8-hour workday, and with frequent (as opposed to occasional) bilateral handling and fingering. Tr. at 22. The Court finds that the ALJ's RFC determination is supported by substantial evidence, and the ALJ did not err in his treatment of the objective medical evidence, Plaintiff's credibility, and the opinion evidence.

### A.     OBJECTIVE MEDICAL EVIDENCE

First, the ALJ reasonably evaluated the objective medical evidence in crafting Plaintiff's RFC. The ALJ described Plaintiff's medical records pertaining to walking and standing as well as his ability to use his right hand in depth. *See* tr. at 20, 23-22.

With regard to Plaintiff's standing and walking issues, the ALJ considered and evaluated the objective medical evidence. *See* tr. at 20, 23-24. Without repeating the ALJ's decision word-for-word, the Court notes that the ALJ first considered Plaintiff's October 2014 fall off of a ladder, which led to several bone fractures in his legs and feet. *Id.* at 20. The ALJ then discussed Plaintiff's subsequent treatment and rehabilitation, noting both his limitations and use of a walker as well as his healed fractures, improvements to being able to sit, stand, and walk, and his later ability to ambulate without an assistive device. *Id.* The ALJ concluded that such impairments did not cause more than a minimal limitation in Plaintiff's ability to engage in basic work-related activities for more than a 12-month period. *Id.*

Elsewhere in his decision, the ALJ discussed subsequent records, including the aftermath of a cerebellar stroke that occurred in October 2015, one year after his fall injury. Tr. at 23. The

6

stroke resulted in only mild residual right sided deficits. *Id.* (citing tr. at 294). Further, the ALJ considered Plaintiff's subsequent symptoms, such as a burning sensation in his feet, bad balance, use of a cane even though he was not prescribed one, gait ataxia, and trouble with uneven surfaces, among other symptoms. *Id.* However, the ALJ also considered other reports that Plaintiff had done community service work where he "did a lot of walking," numbness was only in his right foot and not the left, had intact light touch sensations in the lower extremities, had no trouble going up stairs, pain in his feet was treated with over the counter pain medication, and he had normal strength in his lower extremities. *Id.* at 23-24.

Regarding Plaintiff's right hand issues, the ALJ considered records indicating residual grasping deficits in the right hand and numbness in the right foot after his stroke, had difficulty writing, and was issued a wrist support to help right hand coordination. Tr. at 24. In addition, the ALJ noted that Plaintiff lived alone and independently though his mother assisted with groceries and laundry and checked in every 2-3 days. *Id.* However, Plaintiff was also able to conduct daily hygiene activities, get dressed, shave, make his bed, and do laundry himself, although he had to take breaks. *Id.*

In light of the objective medical evidence, the ALJ limited Plaintiff to standing and walking four hours in an 8-hour workday due to his ataxia and neuropathy. Tr. at 24. The ALJ also limited Plaintiff to: no ladders, ropes, or scaffolds; only occasionally climbing ramps or stairs, balancing, kneeling, stooping, crouching and crawling; never operating a motor vehicle, and only frequent bilateral handling and fingering. *Id.* Accordingly, the Court finds ALJ supported his RFC limitations with more than substantial evidence with regard to Plaintiff's ability to stand and walk and his ability to use his right hand. The ALJ cited to numerous specific records showing both limitations and what functions Plaintiff is still able to perform, and he reasonably accounted for these limitations in his RFC determination.

### B.     **PLAINTIFF'S CREDIBILITY**

Second, the ALJ properly evaluated Plaintiff's subjective statements in crafting his RFC. The evaluation of a claimant's subjective complaints rest with the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *Rogers v. Comm'r of Soc. Sec.*, 486

F.3d 234, 248 (noting that "credibility determinations regarding subjective complaints rest with the ALJ" as long as they are supported by substantial evidence). Subject to the substantial evidence standard, an ALJ's findings are "entitled to considerable deference and should not be discarded lightly." *Carr v. Saul*, 2019 WL 3729265, at *6 (N.D. Ohio Aug. 8, 2019) (citing *Villareal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987)); *see Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) ("[A]n ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (internal quotation omitted). A claimant's subjective complaints can support a claim for disability if there is also objective medical evidence of an underlying medical condition. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-476 (6th Cir. 2003).

The social security regulations establish a two-step process for evaluating a claimant's symptoms. *See* 20 C.F.R. § 416.929; SSR 16-3p. An ALJ must first determine whether the claimant has a medically determinable physical or mental impairment that could reasonably be expected to produce the alleged symptoms. If so, then the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant in his ability to perform work-related activities. *See* tr. at 22-23; SSR 16-3p; 20 C.F.R. § 416.929.

When a disability determination that would be fully favorable to the claimant cannot be made solely on the basis of the objective medical evidence, an ALJ must analyze the symptoms of the claimant, considering the claimant's statements about pain or other symptoms with the rest of the relevant evidence in the record and factors outlined in 20 C.F.R. § 416.929(c)(3). These factors include: the claimant's daily activities; the location, duration, frequency and intensity of the pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any pain medication; any treatment, other than medication, that the claimant receives or has received to relieve the pain or other symptoms; any measures the claimant has used to relieve the pain or other symptoms; and other factors, concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c)(3)(i)-(vii); *see Felisky v.*

*Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994). An ALJ need not provide an extensive analysis for each factor so long as substantial evidence supports the analysis and credibility conclusion. *Bowman v. Chater*, No. 96-3990, 1997 WL 746619, at *11-12 (6th Cir. Nov. 26, 1997) (citing *Felisky*, 35 F.3d at 1039-40)).

Here, the ALJ discussed Plaintiff's testimony and allegations of his symptoms in depth. *See* tr. at 23. In particular, the ALJ considered the factors of: the claimant's daily activities; the location, duration, frequency and intensity of the pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any pain medication; and any treatment, other than medication, that the claimant receives or has received to relieve the pain or other symptoms. 20 C.F.R. § 416.929(c)(3)(i)-(vii); *see* tr. at 23-24. After careful consideration of the evidence, the ALJ found that the Plaintiff's allegations were not entirely consistent with the evidence of record. *Id.*

Without repeating the ALJ's lengthy discussion of the Plaintiff's testimony and its inconsistency with specific evidence in the record, the Court find that the ALJ supported his credibility determination with more than substantial evidence. As an example, while Plaintiff complained of serious pain when he walked or stood for long periods of time, especially after his October 2015 stroke and hospitalization, he also admitted that he participated in community service work involving significant standing walking shortly thereafter in February 2016. Tr. at 23, 45-46, 267.

### C. OPINION EVIDENCE

Finally, the ALJ did not err in his treatment of the opinion evidence of record. Plaintiff suggests that the opinion of Nurse Edwards, CNP, should have been afforded greater weight. *See* ECF Dkt. #13 at 15, 17-18. As an initial matter, Defendant avers that Plaintiff did not submit or offer any opinions from any of his treating physicians, including Dr. Finton (primary care physician) and Dr. Rainer (physical therapy physician). ECF Dkt. #15 at 8.

20 C.F.R. § 416.927(f) governs opinions from medical sources who are not acceptable medical sources and from nonmedical sources, which encompasses nurse practitioners. *See* 20 C.F.R. § 416.913(a) & (d)(1) (effective Sept. 3, 2013 to Mar. 26, 2017) (listing nurse practitioners

9

as "other sources"); *e.g.*, *Engebrecht v. Comm'r of Soc. Sec.*, 572 Fed.Appx. 392, 397-98 (6th Cir. 2014) (unpublished) (noting that nurse practitioners are "other sources," and not acceptable medical sources). An ALJ generally should explain the weight given to opinions from medical sources who are not acceptable medical sources, "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of a case." SSR 06-03p, at *6. The Sixth Circuit interpreted SSR 06-03p to mean that an ALJ should discuss the 20 C.F.R. § 416.927(c) factors[4] relating to treatment, in order to provide a basis for why the ALJ was rejecting the opinion. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378 (6th Cir. 2013) ("The factors set forth in 20 C.F.R. § 404.1527, which under the regulation apply only to medical opinions from acceptable medical sources, nevertheless 'represent basic principles that apply to the consideration of all opinions from medical sources ... who have seen the individual in their professional capacity.'") (citing SSR 06-03p). However, an ALJ does not need to provide "good reasons" for rejecting the opinions of nonacceptable medical sources, including nurse practitioners. *See* 20 C.F.R. § 416.927(c)(2) ("good reasons" are only required when an ALJ provides less than controlling weight to a treating source's medical opinion); *Handzel v. Comm'r of Soc. Sec.*, No. 1:13-CV-01779, 2014 WL 2611858, at *4-5 (N.D. Ohio June 11, 2014) (noting that ALJs are not required to give "good reasons" for rejecting the opinions of nurse practitioners because they are not acceptable medical sources under the regulations); *Leach v. Comm'r of Soc. Sec.*, No. 3:13 CV 2037, 2015 WL 1221925, at *3 (N.D. Ohio Mar. 17, 2015) ("[T]he regulations do not require the same heightened 'good reasons' analysis that applies to the opinions of acceptable medical sources.").

In addition, the Sixth Circuit has explained that an ALJ may properly discount opinions, including a treating physician's opinion, when the opinion is in the format of a conclusory

---

[4] Such factors include "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(c)).

checkbox questionnaire. *Ellars v. Comm'r of Soc. Sec.*, 647 Fed.Appx. 563, 566 (6th Cir. 2016) (unpublished) (finding that ALJ may properly afford little weight to treating physician's two-page check-off form that did not cite to objective medical evidence); *Serrano v. Berryhill*, No. 1:17CV2644, 2019 WL 691311, *7 (N.D. Ohio Jan. 30, 2019) (Limbert, J.), *report and recommendation adopted Serrano v. Comm'r of Soc. Sec.*, No. 1:17CV2644, 2019 WL 669634 (N.D. Ohio Feb. 19, 2019) (finding the same).

The ALJ in the instant case considered Nurse Edwards' opinion and discussed several of the § 416.927(c) factors. Tr. at 25-26 (discussing factors of supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the source); *see* tr. at 524-25. On August 15, 2016, Nurse Edwards completed a two-page checkbox form, opining, in relevant part, that Plaintiff's standing and walking are affected due to his ataxia and cerebellar stroke. *Id.* at 524. However, she did not indicate how many hours in an 8-hour workday that Plaintiff would be able to stand and/or walk. *Id.* In addition, Nurse Edwards marked that Plaintiff could rarely climb and balance; occasionally stoop, crouch, kneel, and crawl; occasionally reach, push/pull, and perform gross manipulation; and rarely perform fine manipulation. *Id.* at 524-25.

After summarizing Nurse Edwards' opinion, the ALJ noted that she is not qualified as an acceptable medical source. Tr. at 25. He afforded her opinion partial weight. *Id.* However, he also afforded great weight to the extent that it opines that Plaintiff could only occasionally stoop, kneel, crouch, and crawl, rarely climb, and has standing/walking restrictions. *Id.* The ALJ explained by stating that Nurse Edwards' standing and walking restrictions were too vague so as to be supported by the record. *Id.* While Plaintiff has neuropathy and ataxia, which causes him pain upon prolonged walking or standing and an antalgic gait, the ALJ found that his record indicated that his gait is strong. *Id.* For example, Plaintiff was able to perform community service activities, which required walking, and he lives alone, meaning he is able to conduct his activities of daily living independently, as he testified that his mother only checks in on him every few days. *Id.* (citing tr. at 34-63, 242, 549, 267). The ALJ found further issues in her opinion unrelated to his ability to stand or walk or with his right hand function. *See* tr. at 25-26.

The ALJ adhered to the Social Security regulations and properly considered Nurse Edwards' opinion in light of her status as a nonacceptable medical source. Therefore, the Court finds that the ALJ did not err in his RFC determination and his decision was supported by substantial evidence.

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and DISMISSES Plaintiff's complaint in its entirety WITH PREJUDICE.

Date: March 12, 2020 　　　　　　　　　　 */s/George J. Limbert*
　　　　　　　　　　　　　　　　　　　　GEORGE J. LIMBERT
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE